IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Theodore J. Swan, :

        Plaintiff : Civil Action 2:09-cv-00618

  v. : Judge Frost

Hon. Julie Lynch, *et al.*, : Magistrate Judge Abel

        Defendants :

## Initial Screening Report and Recommendation

Plaintiff Theodore J. Swan brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief and, therefore, recommends dismissal of the complaint.

The complaint alleges defendant Third Federal Savings and Loan Association of Cleveland brought a foreclosure action against plaintiff Theodore J. Swan in the Franklin County Common Pleas Court. Judgment was entered against Swan. The property was foreclosed on. The complaint alleges that defendants denied plaintiff due process of

law when defendant Judge Julie Lynch ignored Swan's answer to the complaint and response to Third Federal Savings and Loan Association of Cleveland's motion for summary judgment and entered judgment against him.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. Plaintiff is barred from litigating the claim that he was denied due process of law in the Common Pleas Court action because the final decision there is *res judicata* of that claim. Federal courts are required to give state court judgments the same preclusive effect as the state. So this Court must look to Ohio law to determine the preclusive effect of the judgment against plaintiff Swan. *Migra v. Warren County*

*School District Board of Education,* 465 U.S. 75, 81 (1984).

The Ohio rule is that a prior judgment is conclusive of all claims that were litigated or could have been litigated. *Grava v. Parkman Township,* 73 Ohio St. 3d 379, 382 (1995). An Ohio court judgment "is conclusive as to all claims which were or might have been litigated in a first law-suit." *National Amusements, Inc. v. City of Springdale,* 53 Ohio St. 3d 60, 62 (1990). All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit, regardless of who files the suit. *Rettig Enterprises, Inc. v. Koehler,* 68 Ohio St. 3d 274, headnote 1 (1994).

The United States Court of Appeals for the Sixth Circuit has consistently held that any claims a litigant could have litigated against a party in a prior law-suit are barred from being raised in a second lawsuit involving the same party. *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Osborn v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).

"State courts, like Federal courts, have a constitutional obligation to safeguard personal liberties and to uphold Federal law. *Martin v. Hunter's Lessee*, 1 Wheat. 304, 341-44, 4 L.Ed. 97 (1816)." *Stone v. Powell*, 428 U.S. 465, 494 at n.35 (1976). *See, Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 275-76 (1997); *California v. Grace Brethren Church*, 475 U.S. 393, 417 at n.37 (1982); *Hathorn v. Lovorn*, 457 U.S. 255, 269 (1982); *Kish v. Michigan State Bd. of Law Examiners*, 999 F.Supp. 958, 963-64 (E.D. Mich. 1998). Here plaintiff's claim that he was denied due process of law in the Common Pleas Court suit

3

could have been raised in that court, and his remedy from an adverse decision was to appeal that decision to the Ohio Court of Appeals. Since plaintiff could have adjudicated his due process claim in the Ohio courts, he is barred from proceeding on it in federal court.

There is a second reason plaintiff cannot sue defendants here alleging that the state trial court's decision denied him due process of law. A federal trial court is without subject matter jurisdiction to review a decision of the Ohio courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also* 28 U.S.C. §1257. Under the *Rooker-Feldman* doctrine, only the United States Supreme Court by writ of certiorari may review state court decisions. "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman*, 460 U.S. at 483 n.6. Here any decision favoring plaintiff would necessarily require this court to review the state court judgment. Consequently, under the *Rooker-Feldman* doctrine this court lacks subject jurisdiction over plaintiff's claim.

The complaint fails to state a claim against defendant Judge Julie Lynch for the additional reason that she is entitled to judicial immunity from suit for money damages. A judge is immune from suit when "at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356

(1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356-57(citation omitted); *see also Schorle v. City of Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See*

5

*also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

                                                                  s/Mark R. Abel
                                                                  United States Magistrate Judge